UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
JUL 22 2014
AT 8:30
WILLIAM T. WALSH CLERK

MYLAN INC. and
MYLAN PHARMACEUTICALS INC.,

Plaintiffs,

v.

Civil Action No. 14-4560 (JAP)

APOTEX INC. and APOTEX
CORPORATION,

Defendants.

## [PROPOSED] TEMPORARY RESTRAINING ORDER

Pursuant to Fed. R. Civ. P. 65 and L. Civ. R. 65.1, and upon this Court's thorough review of the Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction, the supporting materials and memorandum of law, and with full consideration of all matters brought before this Court regarding Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction, the Court finds that:

1. All Defendants received notice of the date and time of the hearing on Plaintiffs' application for a temporary restraining order and appeared and were heard at said hearing;

2. The Court has received to its satisfaction evidence documenting facts shown by the Verified Complaint, the supporting Memorandum of Law, and the Declaration of David Workman that: (i) Plaintiffs are likely to succeed on the merits of this dispute; (ii) absent the issuance of a Temporary Restraining Order, Plaintiffs will suffer immediate and irreparable injury, loss, and damage; (iii) the balance of hardships favors granting the requested injunctive relief; and (iv) granting immediate injunctive relief is in the public interest.

3. Specifically, Plaintiffs have sufficiently provided the Court with evidence that at a related trial in this Court in March 2014, a jury found that SmithKline Beecham Corp. (n/k/a GlaxoSmithKline LLC), SmithKline Beecham P.L.C. (n/k/a SmithKline Beecham, Limited), and SmithKline Beecham (Cork) Limited (collectively "GSK") had breached Mylan's exclusive license rights by supplying Defendants Apotex Inc. and Apotex Pharmaceuticals Inc. (collectively "Apotex" or "Defendants") with branded Paxil CR® to be sold as an authorized generic ("AG Paxil CR®") in competition with Mylan's generic Paroxetine CR products. Even after the jury's verdict, and this Court's entry of judgment thereon, GSK continued to supply Paxil CR® to Apotex. Accordingly, on March 28, 2014, Mylan moved for entry of a permanent injunction, which was issued by this Court on July 16, 2014, ordering GSK to immediately cease deliveries of AG Paxil CR® for resale by Apotex;

4. Even after the July 16, 2014 issuance of an injunction preventing GSK from providing Apotex with AG Paxil CR® for resale by Apotex, Apotex unequivocally stated that it intends to continue selling the now-enjoined product;

5. Moreover, Plaintiffs have provided sufficient evidence that Apotex has ~~begun to~~ sold ~~"unload" or "dump" large quantities of~~ its inventory of AG Paxil CR® into the market place at ~~very low prices and/or on~~ extremely favorable credit terms;

6. Plaintiffs have provided sufficient evidence that they are likely to succeed on the merits of this dispute. Specifically, Plaintiffs' claims against Apotex for tortious interference and inducement of breach of contract are likely to succeed in light of (i) the jury's verdict confirming Mylan's exclusive license under the Settlement Agreement; (ii) the Court's Order granting Mylan's motion for a permanent injunction; and (iii) Apotex's unequivocal statements that it will continue to sell AG Paxil CR® despite Apotex's knowledge of both the jury verdict

2

and this Court's subsequent injunction to prevent further violation of the Settlement Agreement;

7. Plaintiffs have sufficiently shown that unless Defendants are restrained from selling AG Paxil CR®, Apotex's continued selling of AG Paxil CR® at reduced prices and/or on extremely favorable credit terms will cause irreparable harm, jeopardize Mylan's customer goodwill, and erode market prices to levels at which Mylan's prices and profit margins will be negatively and irretrievably impacted;

8. Plaintiffs have also sufficiently shown that the balance of hardships favors granting the requested injunctive relief because permitting Defendants to continue to market and sell AG Paxil CR® will result in extraordinary harm to Mylan – harm that far outweighs any potential harm, to the extent there is any, to Defendants; and

9. Finally, Plaintiffs have sufficiently shown that granting immediate injunctive relief is in the public interest. Plaintiffs and GSK freely entered into a valid and enforceable license and supply agreement that allowed early entry of generic Paroxetine CR into the marketplace. Moreover, Plaintiffs have sufficiently shown that granting temporary injunctive relief in the present case will not result in a shortage of generic Paroxetine CR, and thus there will be no negative impact on patients prescribed Paroxetine CR.

10. Accordingly, until such time as the Court may conduct a hearing as to why a preliminary injunction should not issue against Apotex; and good cause having been shown,

IT IS ORDERED AND ADJUDGED that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, are hereby temporarily restrained and enjoined, until further Order of this Court, (i) from continuing to distribute, market, sell, or offer to sell AG Paxil CR® to anyone, including but not limited to, downstream customers such as

wholesalers, retailers, and pharmacy chains (ii) from purchasing or offering to purchase AG Paxil CR® from GSK, and (iii) from otherwise interfering with Mylan's adjudicated rights under Mylan's Settlement Agreement with GSK;

2. The Court further requires Apotex, at its own expense, to recall any AG Paxil CR® product shipped to ~~anyone, including but not limited to~~ its downstream customers, such as _but not product_ _that has been sold subsequently by those customers_ wholesalers, retailers, and pharmacy chains since the Court's injunction issued on July 16, 2014; and

3. ~~If the Court deems necessary the posting of a security interest, Mylan shall post a bond or other security of $_____ by _____ in connection with this Temporary Restraining Order.~~ _delete_

**IT IS SO ORDERED.**
Dated: July 22, 2014 at 10:55 [a.m.] ~~[p.m.]~~

_____
JOEL A. PISANO, U.S.D.J.

4